IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Woodie, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 4722 |
| Credit Bureau of Napa County, Inc., d/b/a Chase Receivables, a California corporation, | ) ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Deborah Woodie, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Deborah Woodie ("Woodie"), is a citizen of the State of Tennessee, from whom Defendant attempted to collect a delinquent consumer debt owed for a Figi's account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Bureau of Napa County, Inc., d/b/a Chase Receivables ("Chase"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Chase operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Chase was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Chase is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Chase conducts business in Illinois.

6. Moreover, Defendant Chase is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Chase acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Woodie is a disabled woman, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Figi's account. When Chase began trying to collect the Figi's debt from Ms. Woodie, by sending her a collection letter, dated June 29, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Chase's collection actions. A copy of Chase's June 29, 2011

letter is attached as Exhibit C.

8. Accordingly, on August 23, 2011, one of Ms. Woodie's attorneys at LASPD informed Chase, in writing, that Ms. Woodie was represented by counsel, and directed Chase to cease contacting her, and to cease all further collection activities because Ms. Woodie was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Chase sent Ms. Woodie a collection letter, dated March 28, 2013, which demanded payment of the Figi's debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on May 3, 2013, one of Ms. Woodie's LASPD attorneys had to write to Defendant Chase again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Chase's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Chase's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.    Here, the letter from Ms. Woodie's, agent/attorney, LASPD, told Defendant Chase to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Chase violated § 1692c(c) of the FDCPA.

16.    Defendant Chase's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.    Defendant Chase knew that Ms. Woodie was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Chase to cease directly communicating with her.  By directly sending Ms. Woodie the March 28, 2013 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Chase violated § 1692c(a)(2) of the FDCPA.

20.    Defendant Chase's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Deborah Woodie, prays that this Court:

1. Find that Defendant Chase's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Woodie, and against Defendant Chase, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deborah Woodie, demands trial by jury.

    Deborah Woodie,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated:  June 28, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com